IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LOWELL A. TILLIS, JEANIE S. TILLIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv134-WHA |
| | ) | (wo) |
| | ) | |
| WM PAGE & ASSOCIATES, INC. d/b/a/ | ) | |
| THE LIFELINE PROGRAM; et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand, filed by the Plaintiffs, Lowell A. Tillis and Jeanie S. Tillis (Doc. #10). The Plaintiffs originally filed a Complaint in this case in the Circuit Court of Barbour County, Alabama, bringing claims against Wm. Page & Associates, Inc. d/b/a the Lifeline Program; Excelsior Financial, Inc.; Fredrickson Brokerage Insurance; and Jeffrey Dale Fredrickson. The Plaintiffs bring claims for fraudulent inducement (Count I), suppression (Count II), fraud–misrepresentation and suppression (Count III), negligent training, hiring and supervision (Count IV), wanton hiring, training, and supervision (Count V), and breach of fiduciary duty (Count VI).

The Plaintiffs' claims arise out of alleged representations by the Defendants that if the Plaintiffs converted their two existing term life insurance policies into whole life policies, Defendant Wm. Page & Associates, Inc. d/b/a Lifeline ("Page") would purchase the policies for $94,000. The conversion required an additional $8,000. Page is an Ohio corporation which

purchases life insurance policies through a broker and becomes the policy owner, receiving insurance proceeds upon the insured's death. The viatical transaction between Page and the Tillises was never completed.

Excelsior Financial, Inc. was a defendant in this case. Excelsior served as the broker for the Page and Tillis transaction. Excelsior was dismissed by the state court for lack of personal jurisdiction.

The Defendants removed the case on the basis of diversity subject matter jurisdiction when Excelsior was dismissed, stating that the case only became removable when Excelsior was dismissed, because it was the first time Page could ascertain that Defendants Fredrickson Brokerage Insurance and Jeffrey Dale Fredrickson, citizens of Alabama, are fraudulently joined with Page.

The Tillises have moved to remand, and have asked for costs and fees incurred as a result of the removal.

For reasons to be discussed, the Motion to Remand is due to be GRANTED, but the request for costs and fees is due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511

U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

### III. DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.*

The Tillises have moved to remand on three bases: that the removal was untimely, that there is incomplete diversity of parties, and that Page has failed to establish that the amount in controversy in this case exceeds $75,000.

With respect to their untimeliness argument, the Tillises contend that Page untimely filed a notice of removal because the notice was not filed within 30 days of the service of the Complaint on Page. Page states that it could not be unequivocally certain that Jeffrey Dale Fredrickson and Fredrickson Brokerage Insurance ("Fredrickson") were fraudulently joined until former Defendant Excelsior was dismissed for lack of jurisdiction by the state court. The Tillises respond that the voluntary/involuntary rule applies, whereby, a defendant may remove a qualified diversity action from state to federal court after the dismissal of a nondiverse defendant only if the plaintiff voluntarily dismissed the nondiverse defendant. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547-49 (5th Cir. 1967).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

3

Even if the court were to determine that the case was timely removed on Page's theory that it could not ascertain that nondiverse Defendants, Frederickson, were fraudulently joined until Excelsior, a diverse Defendant, was dismissed, Page would have to establish that the Frederickson defendants are fraudulently joined to establish that the court has subject matter jurisdiction in this case. The court, therefore, turns first to the fraudulent joinder inquiry.

The filing of a frivolous or otherwise illegitimate claim against a nondiverse defendant solely to prevent removal is called a "fraudulent joinder." *Brooks v. Paulk* 176 F. Supp. 2d 1270, 1273 (M.D. Ala. 2001) (Albritton, J.). Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the Defendants as the removing parties. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *Henderson v. Washington Nat. Ins. Co.,* 454 F.3d 1278, 1283 (11th Cir. 2006). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the

plaintiff.  *See Crowe*, 113 F.3d at 1538.  In fact, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  A court may deny a motion to remand only if the defendants prove there is "'no *possibility*" that [the Plaintiffs] 'can establish a cause of action against the resident defendant. . .'" *Henderson*, 454 F.3d at 1283 (emphasis in original) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997)).

    Page contends that Fredrickson Brokerage Insurance was fraudulently joined because it does not exist and that the identification of it as a corporation was a fraudulently-pled jurisdictional fact.  The Tillises respond that they thought Fredrickson Brokerage Insurance was a corporation, but have since learned that it is a sole proprietorship, and legally it, and Jeffrey Dale Fredrickson are the same.  The court finds that misidentification of a sole proprietorship as a corporation does not establish fraudulent joinder in this case.

    To prove that there is no possibility that the Tillises can establish a claim against Jeffrey Dale Fredrickson ("Fredrickson"), Page argues that Fredrickson and Page are in no way related, so that Fredrickson would have had no authority or permission to make any representations to the Tillises on behalf of Page.  Page argues that Fredrickson cannot be held liable at all under the allegations of the Complaint because Fredrickson was not part of the transaction at issue, pointing to evidence of the settlement contract which states that Excelsior is the Tillises' representative, not Fredrickson.

    The court cannot conclude that the mere fact that Fredrickson is not listed on the unexecuted settlement contract conclusively establishes that there is no possibility that a state court would find that the Tillises have stated a claim against Fredrickson for fraud, suppression,

or breach of fiduciary duty.  The Complaint alleges that all Defendants represented that Page would buy their converted policies.  Complaint at ¶ 20.  Although the court must determine whether there is fraudulent joinder based on the allegations of the Complaint, the Tillises clarify in their brief that the breach of fiduciary duty claim alleged in the Complaint is based on Fredrickson's failure to replace the Tillises' old life insurance policies at lower premiums.  They have alleged in the Complaint that they have been unable to acquire term insurance under their previous terms.  *Id.* at ¶ 28.  Under Alabama law, individual insurance agents can be held personally liable for torts committed by them.  *See Sexton v. Principal Financial Group*, 920 F. Supp. 169, 172 (M.D. Ala. 1996) (citing *Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983)).  The court must conclude, therefore, that there is at least a possibility that the Tillises can establish a claim against Fredrickson in state court, irrespective of whether Fredrickson was acting on any authority of Page.  *See Brown Mach. Works & Supply, Inc. v. Ins. Co. of North Am.*, 951 F. Supp. 988, 995 (M.D. Ala. 1996).

    Page has also argued that Fredrickson is fraudulently joined because there can be no joint liability of Fredrickson and Page.  Page has provided evidence that it has had no dealing with Fredrickson, and has no agency relationship.  Page further states that the Tillises are precluded from ever establishing joint liability between Page and Fredrickson because the Alabama court's finding of no agency relationship between Excelsior and the other defendants is law of the case.  Page's position is that if there is some basis for liability on the part of Fredrickson based on the allegations of the Complaint, it is not a basis for joint liability of Page and Fredrickson, so Fredrickson is fraudulently misjoined.

In *Brooks*, this court addressed an argument that parties not jointly liable are fraudulently misjoined. The plaintiffs in *Brooks* sued an employer for workers' compensation benefits and other defendants for products liability. The defendants argued that the nondiverse defendant, the employer, was fraudulently joined by the third method; namely, improper joinder. The defendants argued that while the claims involved the same accident, they were not related and could not provide a basis for joint liability. This court examined Federal Rule of Civil Procedure 20, and determined that Rule 20 is satisfied as long as there is a basis for joint, several, or alternative liability for claims with common questions of law or fact. *Brooks,* 176 F. Supp. 2d at 1276. In that case, there was a basis for "several" liability, and the claims involved common questions of fact, so there was no fraudulent misjoinder. *Id.* at 1276-77.

In this case, whether the claims the Tillises allege are viewed as arising from related transactions to convert policies and to purchase new policies, involving multiple parties not acting in concert, or whether they are viewed as arising from a single transaction by which either Page is liable through representations made by its agent, Excelsior, or, alternatively, Fredrickson is individually liable for representations made without authority from Page, the court cannot conclude that this is a case of fraudulent misjoinder. This case, wherein there are common facts between the claims asserted, is, therefore, more like *Paulk* than the case cited by Page; namely, *Ex parte Novartis Pharmaceuticals Corp.*, 975 So. 2d 297, 303-04 (Ala. 2007), in which the court concluded that coincidental business transactions without a logical relationship were not properly joined under state law. Fredrickson, therefore, has not been misjoined. Furthermore, even if Fredrickson has been misjoined, the misjoinder is not sufficiently egregious to find that there is fraudulent joinder. *See Brooks*, 176 F. Supp. 2d at 1277.

The court cannot conclude that Page has sufficiently established, under the high burden imposed when there is an allegation of fraudulent joinder, that Fredrickson has been fraudulently joined. Therefore, this case lacks complete diversity of parties, and the court need not address whether the case was also untimely removed, or whether the jurisdictional amount is present. The Motion to Remand is due to be GRANTED.

The Tillises have also requested attorneys' fees and costs. Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts have interpreted § 1447(c) to allow "wide discretion" to a district court when determining whether to award attorneys' fees. *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994). A district court may award attorneys' fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F. Supp. 1185, 1192 (M.D. Ala. 1996).

While the court has concluded that subject matter jurisdiction does not exist in this case, it cannot conclude that jurisdiction is patently lacking so as to warrant an imposition of fees and costs. Therefore, the request for fees and costs is due to be DENIED.

## IV. CONCLUSION

For the reasons discussed, the Motion to Remand (Doc. #10) is due to be GRANTED and the request for costs and fees (Doc. #10) is due to be DENIED.

A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 30th day of April, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE